The OKLAHOMA PUBLISHING COMPANY, A corporation, Petitioner,

v.

The Honorable Floyd MARTIN, Judge of the District Court for the Seventh Judicial District, Canadian County, Oklahoma, Respondent.

No. 55191.

Supreme Court of Oklahoma.

Oct. 14, 1980.

David Machanic and Michael Minnis, Pierson, Ball & Dowd, Oklahoma City, for petitioner.

Jan Eric Cartwright, Atty. Gen., Manville T. Buford, Asst. Atty. Gen., Oklahoma City, for respondent.

PER CURIAM:

Petitioner's application to assume original jurisdiction GRANTED. The question of the right of the public or the media to attend a mental competency hearing or trial, conducted under the provision of Title 43A, Okla.Stat., wherein the alleged mentally incompetent is the subject of criminal proceedings, is rendered moot by the enactment of H.B. No. 1836, Thirty–Seventh Legislature, Second Regular Session.

Hereafter, all proceedings conducted pursuant to 22 O.S.Supp.1980, §§ 1175.1 to 1175.8 (H.B.1836), shall be publicly conducted to the same extent as criminal trials. For the impact of Federal Constitutional Law, See: *Richmond Newspapers v. Virginia*, —— U.S. ——, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). While 43A O.S.Supp. 1978, § 54.1, requires that civil mental health "records shall be open to public in-

spection only by order of the court to persons having a legitimate interest therein", no such provision is found in 22 O.S.Supp. 1980, § 1175.1, et seq.

APPLICATION FOR WRIT OF PROHI-BITION/MANDAMUS DENIED.

All the Justices concur.